**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Ray Willis,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Louis W. Winn, Jr., Warden,<br><br>　　　　Respondent. | No. CV-12-618-TUC-JGZ-DTF<br><br>**REPORT & RECOMMENDATION** |

Pending before the Court is a Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241. Petitioner, James Ray Willis, while confined in the United States Penitentiary in Tucson, Arizona, alleges that the Bureau of Prisons ("BOP") has erroneously placed him on "IFRP Refuse" status absent a court ordered schedule of payments, in contravention of the Mandatory Victims Restitution Act ("MVRA"). Petitioner requests that he be placed on "IFRP Exempt" status, and that he be reimbursed for all payments he has made thus far through the Inmate Financial Responsibility Program ("IFRP"). Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Ferraro for a Report and Recommendation. Before the Court are the Petition (Doc. 1), Respondent's Answer (Doc. 9) and Petitioner's Reply (Doc. 16). The Magistrate Judge recommends that the District Court, after its independent review, grant the Petition in part and deny the Petition in part.

# BACKGROUND

In April 1997, Petitioner pled guilty in the United States District Court for the Western District of Texas to Bank Robbery and Interference with Commerce by Threats or Violence. (Doc. 9, Attach. 1, Ex. 2 at 1.) In July 1997, in the same district, Petitioner was sentenced to 235 months incarceration and ordered to pay $5,270 in restitution. (*Id.* at 2, 5.) Petitioner's presentence report stated that Petitioner "has no assets . . . [and] no income" but that he would be "able to pay a fine within the guideline range on an installment basis" based on the wages Petitioner was expected to earn during his incarceration through U.N.I.C.O.R., the prison employment program. (*Id.*, Ex. 3 at 11, 15-16.) These findings were adopted by the sentencing court and, because of his inability to pay, the court waived the fine associated with Petitioner's conviction. (*Id.*, Ex. 2 at 6.) Nevertheless, the court ordered "[r]estitution shall be paid in full immediately." (*Id.* at 5.) The order further specified that "if the defendant is now unable to pay this indebtedness, he shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including any period of incarceration," however, the judgment did not provide any payment schedule to effectuate this contingency. (*Id.*)

At some point during his incarceration, Petitioner was moved from Texas to Tucson, Arizona, where he is currently housed. (Doc. 9, Attach. 1 at 1.) Periodically since 2001, Petitioner has participated in the IFRP, a program run by BOP that gives certain benefits to inmates with legitimate restitution obligations who choose to participate. (*Id.* at 3.) In operating the IFRP, BOP's Unit Team develops a schedule of restitution payments to which the inmate must adhere in order to receive the benefits of the program. (*Id.* at 2-3.)

On April 17, 2012, Petitioner submitted an Administrative Remedy Request to the Warden, arguing that under the MVRA BOP does not have the authority to set a payment schedule for his restitution and that, therefore, he should be placed on "IFRP Exempt" status and have all money previously collected through the IFRP returned to him. (Doc. 1, Ex. 1 at 1.) The Warden denied his request, and Petitioner submitted a Regional Administrative Remedy

Appeal restating his objections. (*Id*., Ex. 1 at 2, Ex. 2 at 1.) Denying Petitioner's grievance, the Regional Director invited Petitioner to submit evidence that the sentencing court failed to consider Petitioner's financial status before ordering immediate payment. (*Id*., Ex. 2 at 2.) Petitioner chose to forgo his final avenue of appeal to the General Counsel. (Doc. 9, Attach. 1 at 5.) As of December 17, 2012, Petitioner was placed on "IFRP Refuse" status and is ineligible for the benefits received by those participating in or exempt from the IFRP. (Doc. 16, Ex. 1 at 1.)

## **ANALYSIS**

Typically, the Court requires an inmate to exhaust all available administrative remedies before it agrees to reach the merits of a 28 U.S.C. §2241 claim. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). Petitioner argues that, although he did not exhaust the appeals available to him through BOP's Administrative Remedy Program before filing this Petition, his claim should nevertheless be heard because exhaustion would be futile. (Doc. 1 at 4.)

Exhaustion of administrative remedies is not a jurisdictional requirement of a §2241 claim. *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). When the court deems exhaustion futile, the claim may properly be addressed prior to exhaustion. *Id.* Grievances based on official BOP policy, such as that controlling the IFRP, are particularly ripe for consideration based on futility. *Id*. at 1046 ("Because of the existence of official BOP policy–the IFRP–exhaustion would be futile here."); *see also Sours v. Chavez*, No. CV08-1903-PHX-SRB, 2009 WL 2714028, *3 (D. Ariz. Aug. 27, 2009) (deeming exhaustion futile where BOP relied upon IFRP policy to reject the petitioner's appeals in the Administrative Remedy Program).

Respondent argues that because the Regional Director invited Petitioner to submit more evidence regarding the sentencing court's lack of consideration of Petitioner's financial situation at sentencing, Petitioner has potential for relief from the Administrative Remedy Program. (Doc. 9 at 6.) Petitioner's presentence report and restitution order were readily available to both the Warden and the Regional Director and those documents demonstrated that Petitioner's restitution order lacked a schedule of payments as required for BOP enforcement

through the IFRP. There is no basis to believe that General Counsel would have differed in opinion had Petitioner completed his Administrative Remedy appeal process. Accordingly, the Court overlooks Petitioner's failure to exhaust his administrative remedies in this instance.

Under the MVRA, the economic circumstances of the defendant have no bearing on the amount of restitution ordered by the sentencing court, for it is required to set a restitution amount that will fully compensate the victim. 18 U.S.C. § 3664(f)(1)(A). However, "the court shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid, in consideration of" the defendant's financial situation. 18 U.S.C. § 3664(f)(2). The Ninth Circuit has held that the statutory duty to set a payment schedule "in consideration of" defendant's finances belongs to the court alone and cannot be delegated to BOP or any other authority. *See United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005).

The Ninth Circuit Court of Appeals addressed circumstances similar to the case at bar in *Ward v. Chavez*. In that case, Ward had been sentenced to incarceration and ordered to pay nearly $29,000 in restitution immediately, with the expectation that BOP would "work out the details of payment." *Ward*, 678 F.3d at 1050. While incarcerated, Ward voluntarily enrolled in the IFRP and began making payments toward his restitution according to a payment schedule established by BOP. *Id.* at 1044. The Court held that under the MVRA, when a defendant is ordered to but unable to pay restitution immediately, the court is obligated to set a payment schedule and BOP may not do so. *See id.* at 1050; *see also Ybarra v. Smith*, No. CV-09-1447-PHX-DGC, 2010 WL 5361833, *2 (D. Ariz. Dec. 21, 2010) ("Without a proper order, the BOP does not have the authority to require a schedule of restitution payments collected while Petitioner is participating in the IFRP." (internal quotation marks and citations omitted)).

Like Ward, Petitioner was ordered to make immediate payment of restitution. The sentencing court recognized Petitioner's complete lack of funds, and further stated that should Petitioner be unable to satisfy immediate payment, he shall cooperate with BOP during his incarceration to make payments. Lacking a schedule of restitution payments set by the court,

- 4 -

BOP is foreclosed by the court's interpretation of the MVRA in *Ward* from imposing a payment schedule on Petitioner through the IFRP.

Respondent argues that this case should be distinguished from *Ward* for two reasons. First, Respondent argues that this Court should not address the merits of Petitioner's claim because Petitioner did not file a direct appeal challenging his restitution order.[1] (Doc. 9 at 8-9.) It is true that if Petitioner wishes to object to his restitution order, he must do so in the Western District of Texas, where he was sentenced. However, Petitioner is not challenging the legality of his restitution order. Rather, he is challenging the execution of his sentence by BOP, specifically, whether BOP may enforce this type of restitution order. It is well established that the manner in which an inmate's sentence is executed is properly disputed via a §2241 petition. *See Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000). Petitioner did not waive his argument against BOP enforcement of his restitution order by failing to object to the order itself.

Second, Respondent argues that this case should be distinguished from *Ward* because Ward's restitution order was issued in the Ninth Circuit, whereas Petitioner's restitution order was issued in the Fifth Circuit. The Ninth Circuit is at odds with the Fifth Circuit on the issue of whether an order requiring a defendant to make immediate restitution, with the expectation that BOP will establish a payment schedule, is an impermissible delegation of judicial authority under the MVRA. *See United States v. Lemoine*, 546 F.3d 1042, 1048 n.4 (9th Cir. 2008) (discussing the circuit split regarding the extent to which MVRA permits delegation of restitution scheduling authority). Respondent argues that because Fifth Circuit law controls Petitioner's sentencing order, a decision adverse to Respondent's position would be tantamount

---

[1] The dissent in *Ward* argued that "because petitioner failed to directly appeal his sentence and challenge the legality of the restitution order on that appeal, he has waived his right to make his argument–that the BOP lacks the ability to collect restitution payments because the restitution order is unlawful–through a section 2241 petition." The majority, however, did not address the issue because it was not raised by the respondent and, thus, the court said that any such objection had been waived. *Ward*, 678 F.3d at 1052 n.6.

to an Arizona District Court nullifying the sentencing order of another district, which it does not have authority to do. (Doc. 9 at 11.) Again, the issue in this case is not the validity of the restitution order itself, rather, it is whether BOP, while operating within the Ninth Circuit, has the authority to enforce such an order. BOP has the power to freely move inmates between districts and, when operating in the Ninth Circuit, BOP is subject to review under the law of the circuit.[2] Within the Ninth Circuit, the MVRA precludes BOP from setting and enforcing a restitution payment schedule under a factual scenario analogous to *Ward*.

Respondent next argues that even if the restitution order was deficient, Petitioner is not entitled to relief because it was harmless error. (Doc. 9 at 17 (citing *Ha v. Adler*, No. 1:07CV01400AWIJMDHC, 2009 WL 464467, *2 (E.D. Cal. Feb. 24, 2009))). *Ha* held that even if a restitution order improperly ordered an inmate to pay restitution immediately, the petitioner was not entitled to relief because that error was harmless:

> To the extent Petitioner contends that a court-ordered restitution schedule would have required him to pay less per month than his current payment schedule under the IFRP, the trial court's failure to set a restitution schedule was rendered harmless when Petitioner voluntarily agreed to participate in the IFRP. *See Lemoine,* 546 F.3d at 1048 (MVRA does not prohibit prisoner from voluntarily agreeing to pay more than required by the court-ordered restitution schedule). To the extent the trial court would have required Petitioner to pay more per month than he is currently required to pay under the IFRP, Petitioner cannot argue that he has been harmed by the trial court's error. Accordingly, the trial court's failure to set a detailed restitution schedule was, at worst, harmless error, and Petitioner is not entitled to relief under section 2241.

2009 WL 464467, at *2. As addressed above, the Ninth Circuit's opinion in *Ward v. Chavez*, which was decided three years after *Ha*, rejected the idea that "voluntary" participation in the IFRP remedies a court's failure to enter a valid restitution order. 678 F.3d at 1051. The majority opinion in *Ward* makes no mention of the harmless error analysis, though the dissent advances

---

[2] Above the Court determined this claim was properly brought in a § 2241 petition and such a petition must be addressed to the district court which has jurisdiction over the petitioner's custodian. *See Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

- 6 -

the same argument relied upon in sentencing court had ordered Ward to pay according to an installment schedule, the BOP could still have demanded different terms for the voluntary privilege of participation in the IFRP" as *Ha. See id.* at 1058 (dissent) ("Even if the California authorized by *United States v. Lemoine*).

Because BOP lacks authority pursuant to the MVRA to enforce an order requiring immediate payment of restitution, absent a schedule of payments, Petitioner should be given "IFRP Exempt" status instead of "IFRP Refusal" status.

Petitioner argues that the payments he has made thus far through the IFRP should be returned to him. (Doc. 1 at 9.) Habeas corpus proceedings are only available to remedy the fact or condition of confinement, and may not be utilized to entertain a claim for damages. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *see also Freeman v. Apker*, No. CIV-11-130-TUC-RCC, 2011 WL 5024300, *4 (D. Ariz. Oct. 21, 2011) (petitioner not entitled to use habeas corpus proceeding to receive reimbursement of payments made through the IFRP pursuant to an improper restitution order), *report and recommendation adopted*, 2011 WL 6412566 (Dec. 21, 2011).

## **RECOMMENDATION**

Based on the foregoing, the Magistrate Judge recommends that the District Court GRANT IN PART the Petition for Writ of Habeas Corpus (Doc. 1), to the extent that Petitioner be put on "IFRP Exempt" status until a proper restitution schedule has been set by the sentencing court, and DENY IN PART the Petition, to the extent Petitioner requests reimbursement for past payments made through the IFRP.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections

are not timely filed, they may be deemed waived. Any objections filed should be captioned with the following case number: **CV-12-618-TUC-JGZ**.

DATED this 12th day of August, 2013.

D. Thomas Ferraro
United States Magistrate Judge