IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

James Ray Willis,

Petitioner,

v.

Craig Apker,

Respondent.

No. CV-12-00618-TUC-JGZ

**ORDER**

On August 12, 2013, Magistrate Judge Thomas D. Ferraro issued a Report and Recommendation ("R&R") (Doc. 17) in which he recommended that Petitioner's § 2241 Petition be granted in part. On August 26, 2013, Respondent filed an Objection to the Report and Recommendation; Petitioner timely responded. (Docs. 18, 19.) The Court adopts the Report and Recommendation of the Magistrate Judge.[1]

**ANALYSIS**

The Court adopts the factual findings of the Magistrate Judge. In the pending R&R, the Magistrate Judge concluded that, pursuant to *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012), the Bureau of Prisons ("BOP") lacks authority to impose a payment schedule on Petitioner through the Inmate Financial Responsibility Program ("IFRP") because Petitioner's restitution order does not set forth a schedule of payments. Respondent objects to the R&R on the grounds that it is legally inconsistent.

---

[1] The Court reviews *de novo* the objected to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

Specifically, Respondent contends that the Magistrate's finding that Petitioner's restitution order is not proper or valid is inconsistent with the Magistrate's finding that Petitioner is not challenging the legal validity of that order.

The Magistrate Judge did not find that Petitioner's restitution order is not proper or valid. Petitioner did not challenge the validity of his restitution order, but rather the execution of that order: Petitioner alleged that the BOP had impermissibly collected money from his account through the IFRP and requested an order directing BOP to place Petitioner in "IFRP Exempt" status. (Doc. 1, pgs. 4, 9.) The Magistrate Judge found that "BOP is foreclosed by the court's interpretation of the [Mandatory Victims Restitution Act] in *Ward* from imposing a payment schedule on Petitioner through the IFRP." (Doc. 17, pg. 5.) This finding is consistent with the relief sought by the Petitioner in his § 2241 Petition. The Magistrate Judge explicitly stated that the court was considering only Petitioner's argument regarding BOP enforcement of his restitution order. (Doc. 17, pg. 5.)

The Magistrate Judge's finding comports with the law of this Circuit. Petitioner's restitution order was issued in the Fifth Circuit, which has not adopted *Ward's* holding that a restitution order that fails to set forth a payment schedule impermissibly delegates judicial authority to the BOP in violation of the Mandatory Victims Restitution Act ("MVRA"). *See, e.g., Hickman v. Keffer*, 498 Fed. Appx. 375, 379 (5th Cir. 2012). In the Fifth Circuit, Petitioner's restitution order is valid and if Petitioner were housed in a facility located in the Fifth Circuit, the BOP could impose a payment schedule on Petitioner through the IFRP. However, Petitioner is currently housed at the United States Penitentiary in Tucson, Arizona, which is located within the Ninth Circuit. When the BOP operates in the Ninth Circuit, it is subject to review under the law of the circuit. (Doc. 17, pg. 6.) In the Ninth Circuit, "the BOP lacks the authority to collect restitution payments from the petitioner" unless the petitioner's restitution order sets forth a payment schedule. *Ward*, 678 F.3d at 1052. This is true regardless of whether the underlying restitution order is valid in the circuit in which it was issued. Contrary to

Respondent's assertion, the invalidity of the restitution order is not a condition precedent to the relief Petitioner seeks. The Court recognizes that this Circuit split makes BOP's efforts to collect on restitution orders inconsistent, but it is bound by the law of this Circuit.

The Court will modify the remedy recommended by the Magistrate Judge in granting the Petition. The Magistrate Judge concluded that the appropriate remedy for Petitioner is that he be placed on "IFRP Exempt" status "until a proper restitution schedule has been set by the sentencing court." (Doc. 17, pg. 7.) Respondent argues that it is not possible for a "proper restitution schedule" to be set in Petitioner's case because Petitioner has no legal basis to challenge the restitution component of his sentence in the Western District of Texas, and any opportunity to appeal that order has expired. The Court agrees with Respondent that there appears to be no likelihood that Petitioner's restitution schedule will be amended to include a payment schedule. The Court also agrees with Respondent that this Court cannot direct the BOP to place Petitioner on IFRP status: the Court is without the legal authority to direct the BOP in the administration of inmate payments. However, the Magistrate's conclusion that the BOP lacks authority to impose a payment schedule for Petitioner under the IFRP is nonetheless legally valid pursuant to *Ward*. Accordingly, the Court concludes that the appropriate remedy is an Order prohibiting Respondents from collecting restitution payments from Petitioner's accounts so long as he is housed in this Circuit.

**CONCLUSION**

Accordingly, after an independent review, IT IS ORDERED that the Report and Recommendation (Doc. 17) is ADOPTED IN PART and REJECTED IN PART.

The R&R is ADOPTED insofar as it GRANTS IN PART the Petition for Writ of Habeas Corpus but DENIES in part the Petition's request for reimbursement for past payments made through IFRP. (Doc. 1.)

The R&R is REJECTED insofar as it directs Respondents to place Petitioner on IFRP Exempt status until a proper restitution schedule has been set by the sentencing

court. IT IS ORDERED THAT Respondents are prohibited from collecting restitution payments from Petitioner's accounts so long as he is housed in this Circuit.

Dated this 30th day of September, 2014.

Jennifer G. Zipps
United States District Judge